## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRAMONTA ALLEN JAMAR SMITH | * | |
| Petitioner | * | |
| v | * | Civil Action No.: PWG-19-1669 |
| WARDEN DENISE GELSINGER and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

\*\*\*

### MEMORANDUM OPINION

In response to the above-entitled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Respondents assert that the petition is time-barred and must be dismissed. ECF No. 4. Pursuant to this Court's Order directing his reply, Petitioner asserts he is entitled to equitable tolling of the limitations period because circumstances beyond his control contributed to or caused the delay. ECF No. 6. The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the petition must be dismissed as untimely.

By his petition, Petitioner Tramonta Allen Jamar Smith challenges his February 23, 2011 conviction following a jury trial on charges of theft of property having a value of at least $1,000 but less than $10,000 in the Circuit Court for Dorchester County, Maryland. ECF No. 1 at 1-2. On March 17, 2011, Smith was sentenced to serve 10 years' incarceration. *Id*. at 2.

Smith asserts that his trial counsel rendered ineffective assistance of counsel by (1) failing to challenge the evidence regarding the value and ownership of the property; (2) failing to move

for mistrial or voir dire the jury after victim from another crime was mentioned; (3) stipulating to testimony from one of the State's witnesses; (4) conceding in closing argument that Smith admitted shooting the gun safe; and (5) the cumulative effect of the errors alleged.  ECF No. 1 at 3-5.

Smith's conviction was affirmed on appeal by the Court of Special Appeals of Maryland on June 11, 2012.  ECF No. 4-1 at 11 (Docket Entry for 7/16/2012).  The appellate court's mandate issued on July 11, 2012.  *Id.*  Smith did not seek further review from the Court of Appeals.

On September 24, 2013, Smith filed a motion to correct an illegal sentence pursuant to Md. Rule 4-345(a), which was denied on October 18, 2013.  ECF No. 4-1 at 10-11.  Smith did not appeal the denial of the motion.

On December 10, 2013, March 14, 2016, and April 13, 2016, Smith filed motions for reconsideration of his sentence under Md. Rule 4-345(e).  ECF No. 4-1 at 9-10.  Each motion was denied as untimely.

On June 13, 2016, Smith filed his first post-conviction petition.  ECF No. 4-1 at 9.  Smith filed a motion to withdraw the petition without prejudice on January 13, 2017, which was granted by the court four days later.  ECF No. 4-1 at 7.

On April 12, 2017, Smith filed another motion for reconsideration of sentence pursuant to Md. Rule 4-345(e) which was denied as untimely on May 8, 2017.  ECF No. 4-1 at 6.

On May 17, 2017, Smith filed a second post-conviction petition.  ECF No. 4-1 at 6.  On November 6, 2017, the Circuit Court for Dorchester County held a hearing on the petition.  *Id.* at 5.  On November 14, 2017, the court issued a decision granting Smith 90 days to file a belated request for review of sentence by a three-judge panel under Md. Rule 4-344 and otherwise denying relief.  *Id.*

On December 11, 2017, Smith filed an application for review of his sentence by a three-judge panel, which resulted in a January 8, 2018 determination that Smith's sentence should remain unchanged because it was "fair and just."  ECF No. 4-1 at 5.

On January 16, 2018, Smith filed a motion to correct illegal sentence which was denied on February 5, 2018.  ECF No. 4-1 at 3.

On January 23, 2018, Smith filed an untimely application for leave to appeal the denial of post-conviction relief, which was summarily denied by the Maryland Court of Special Appeals. ECF No. 4-1 at 2, 4.

On March 29, 2018, Smith filed another motion for reconsideration of sentence under Md. Rule 4-345(e); the state court took no action on the motion.  ECF No. 4-1 at 3.

On November 13, 2018, Smith filed a third motion to correct illegal sentence under Md. Rule 4-345(a).  ECF No. 4-1 at 2.  The motion was denied on January 4, 2019.  *Id*.  Smith filed a notice of appeal from the denial of that motion on February 4, 2019.  *Id*.  That appeal remained pending when he filed his petition in this Court on May 28, 2019.

Under the provisions of 28 U.S.C. § 2244, the one-year limitation period for seeking federal habeas relief runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims
>   presented could have been discovered through the exercise of due
>   diligence.

28 U.S.C. § 2244(d)(1).  However, under § 2244(d)(2), "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this

subsection."

   "[T]he one year limitation period is also subject to equitable tolling in 'those rare instances

where—due to circumstances external to the party's own conduct—it would be unconscionable to

enforce the limitation against the party.'"  *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002)

(quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).  To be entitled to equitable

tolling, a petitioner must establish that either some wrongful conduct by Respondents contributed

to his delay in filing his petition or that circumstances that were beyond his control caused the

delay.  *See Harris*, 209 F.3d at 330.  "[A]ny resort to equity must be reserved for those rare

instances where . . . it would be unconscionable to enforce the limitation period against the party

and gross injustice would result."  *Id*.  The Fourth Circuit has made it clear that, prior to dismissing

a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns

the pro se petitioner that his . . .  action will be dismissed as untimely unless the petitioner can

demonstrate that the petition was filed within the proper time period."  *Hill*, 277 F.3d at 708.

   Smith's conviction became final on July 26, 2012, when the time for seeking certiorari

with the Maryland Court of Appeals expired.  *See* Md. Rule 8-301 (setting 15 days after the date

the Court of Special Appeals mandate issues as the time period for seeking certiorari).  The

deadline for filing a federal habeas petition was therefore July 26, 2013.  Smith did not have a

properly filed application for State post-conviction or other collateral review pending during that

one-year period, therefore the statutory period was not tolled and expired almost six years before Smith's petition was filed in this Court.

As noted, Smith asserts he is entitled to equitable tolling of the statutory filing deadline. He states that the "ineffective assistance of attorneys who mislead and gave false information" to him are the reason he was unable to meet the filing deadline.  ECF No. 6 at 2.  He explains that after his appeal, Smith was not advised by appellate counsel that a one-year limitation period for federal habeas relief had begun running.  *Id*. at 1.  He was advised to contact the Collateral Review Division for the Public Defender's Office to pursue post-conviction relief, but was required to wait too long to be contacted by an attorney.  Smith states he pieced together a pro se post-conviction petition in one case and was told he could not pursue both at the same time.  *Id*. at 2.  After waiting "years," Smith again filed a pro se post-conviction petition, and the Collateral Review Division provided him with representation after it was filed.  *Id*.

Smith's reliance on the asserted error by post-conviction counsel does not support his claim for equitable tolling of the statutory filing period.  "[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding."  *Harris*, 209 F.3d at 331, *see also Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003) (declining to apply the doctrine of equitable tolling in a death penalty habeas case where attorney error caused the deadline to be missed by one day); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999)(lawyer's miscalculation of limitations period is not a basis for equitable tolling); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (lawyer's decision to mail petition by ordinary mail instead of expedited delivery not basis for equitable tolling).  Smith's explanation that he simply wasn't told about the filing deadline for federal habeas relief is not the sort of "circumstance[] external to

the party's own conduct" making enforcement of the limitation period against him unconscionable. *See Holland v. Florida*, 560 U.S. 631, 635 (2010) (petitioner's numerous letters of inquiry to attorney coupled with attorney's failure to keep Petitioner informed, sufficient for equitable tolling). The petition must be dismissed as untimely.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order dismissing the petition and declining to issue a certificate of appealability follows.

  August 26, 2020                         _____/S/_____
Date                                      Paul W. Grimm
                                          United States District Judge